# EXHIBIT A

Frank J. Chwastek, Esquire
Attorney I.D. #64600
2810 Lundy Lane
Huntingdon Valley, PA   19006
(215) 914-0868



*Filed and Attested by the*
*Office of Judicial Records*
*18 JAN 2021 02:35 pm*
*S. RICE*

DURKIN LAW OFFICES, P.C.
Martin A. Durkin, Esquire
Attorney I.D. #37279
1760 Market Street - Suite 601
Philadelphia, PA   19103
(215) 569-9090

Attorneys for Plaintiff

| | | |
|---|---|---|
| **SYLVESTER BARNES** | : | COURT OF COMMON PLEAS |
| 5407 W. Berks Street | : | OF PHILADELPHIA COUNTY |
| Philadelphia, PA 19138 | : | |
| Plaintiff, | : | CIVIL LAW DIVISION |
| vs. | : | No. 200800947 |
| | : | |
| **AMERICAN MODERN SELECT** | : | |
| **INSURANCE COMPANY,** | : | |
| 7000 Midland Boulevard | : | |
| Amelia, OH 45102 | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you | Le han demandado a usted en la courte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puedecontinuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SO NO TIENE ABODAGO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR American ModernSTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION<br>Lawyer Referral and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701 | ASOCIACION DE LICENCIADOS DE FILADELFIA<br>Servicio De Referencia E Informacion legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-1701 |

Frank J. Chwastek, Esquire
Attorney I.D. #64600
2810 Lundy Lane
Huntingdon Valley, PA   19006
(215) 914-0868

DURKIN LAW OFFICES, P.C.
Martin A. Durkin, Esquire
Attorney I.D. #37279
1760 Market Street - Suite 601
Philadelphia, PA   19103
(215) 569-9090                                      Attorneys for Plaintiff

| | | |
|---|---|---|
| **SYLVESTER BARNES** | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | OF PHILADELPHIA COUNTY |
| | : | |
| vs. | : | CIVIL LAW DIVISION |
| | : | |
| **AMERICAN MODERN SELECT** | : | No. 200800947 |
| **INSURANCE COMPANY** | : | |
| | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW, Plaintiff, Sylvester Barnes, by and through his counsel, Durkin Law Offices, P.C., sets forth the within Complaint against Defendant, American Modern Select Insurance Company, and states the following:

1.      Plaintiff, Sylvester Barnes, is a competent adult individual who resides at 5407 W. Berks Street, Philadelphia, Pennsylvania.

2.      Defendant, American Modern Select Insurance Company ("American Modern"), is an Ohio corporation authorized to conduct business in the Commonwealth of Pennsylvania with a corporate office located at 7000 Midland Boulevard, Amelia, Ohio.

3.      At all times relevant and material hereto, the Defendant, American Modern, was authorized to issue insurance policies in the Commonwealth of Pennsylvania.

4.      At all times relevant and material hereto, in consideration of a premium paid by the Plaintiff to the Defendant, Defendant issued and delivered to Plaintiff an insurance policy, Policy

Number 0048579070, wherein Defendant insured Plaintiff against losses to real property and other coverages as more particularly set forth on the Declarations Page of said policy.

5.     The aforesaid insurance policy issued to Plaintiff with Policy Number 0048579070 provided insurance coverage to Plaintiff for Plaintiff's premises located at 1725 N. 25th Street, Philadelphia, Pennsylvania for the time period encompassing August 14, 2019.

6.     At all times relevant and material hereto, Defendant, American Modern, held itself out to the Plaintiff as an expert in insurance matters, and knew that Plaintiff was relying upon the Defendant to provide proper and adequate insurance and related coverages.

7.     At all times relevant and material hereto, Defendant, American Modern agreed and represented that it would obtain and maintain proper and adequate insurance coverage on Plaintiff's premises, and would cause the necessary policy to be written and issued sufficient to provide Plaintiff full protection against risks as described in the policy and Declarations Pages.

8.     The aforesaid insurance policy with Defendant provided, *inter alia*, coverage for Plaintiff's premises located at 1725 N. 25th Street, Philadelphia, Pennsylvania.

9.     On or about August 14, 2019 during the term the aforesaid policy of insurance was in full force and effect, a significant vehicle/exposure property damage loss occurred at Plaintiff's property located at 1725 N. 25th Street, Philadelphia, Pennsylvania, causing damage to said real property in the amount of $311,681.16.

10.    The August 14, 2019 vehicle/exposure property damage loss was a covered occurrence pursuant to the terms and conditions of the aforesaid insurance policy issued by Defendant, Policy Number 0048579070.

11.    Plaintiff duly notified Defendant of the aforesaid losses and made a proper claim under his policy with the Defendant, American Modern, for coverage and payment of Plaintiff's losses.

12.     All conditions precedent to Plaintiff's recovery under the aforesaid policy of insurance with Defendant, American Modern, Policy Number 0048579070 and all conditions precedent to Defendant's liability thereunder, have been performed or have occurred, but Defendant, American Modern, has refused to fully compensate, and make full payment to, Plaintiff for the aforesaid losses as required under the terms and conditions of the policy of insurance at issue.

**COUNT I**
**BAD FAITH, 42 PA.   C.S.A. § 8371**
**PLAINTIFFS V. AMERICAN STRATEGIC INSURANCE CORP.**

13.     Plaintiff incorporates the averments of paragraphs 1 through 12 as though same were fully set forth at length herein.

14.     Defendant, American Modern, has wrongfully and in bad faith withheld full payment pursuant to the terms and conditions of the aforesaid insurance contract between Plaintiff and the Defendant, Policy Number 0048579070, without a reasonable basis.

15.     Defendant's denial of full benefits pursuant to the terms and conditions of the insurance contract between Plaintiff and Defendant, Policy Number 0048579070, was with reckless disregard of the fact that such denial was without a reasonable basis and constitutes bad faith as the term "bad faith" is used in 42 Pa. C.S.A. § 8371.

16.     Defendant, American Modern has engaged in bad faith conduct, including, but not limited to, the following:

> a.     by tendering an inadequate amount of money for the claim, which was an insufficient amount to repair Plaintiff's premises;
>
> b.     by "low-balling" the Plaintiff with regard to the claim in an effort to pay as little as possible to Plaintiff and in attempting to avoid compliance with its obligations under the contract of insurance;

c.    by failing to make a reasonable effort to negotiate the timely settlement of the claim which would allow the Plaintiff to repair his premises;

d.    by not proceeding with more dispatch in evaluating and settling the claim;

e.    by failing to objectively and fairly evaluate the Plaintiff's claim;

f.    by compelling Plaintiff to institute this lawsuit to obtain policy benefits that Defendant should have paid promptly and without the necessity of litigation;

g.    by acting unreasonable and unfairly in response to Plaintiff's claim;

h.    by failing to promptly provide a reasonable factual explanation of the basis for not fully paying Plaintiff's claim;

i.    by conducting an unfair, unreasonable, self-serving and inadequate investigation of Plaintiff's claim;

j.    by failing to give equal consideration to fully paying the claim as to not fully paying the claim;

k.    by unreasonably undervaluing the loss and failing to fairly negotiate the amount of the full loss with the Plaintiff and/or his authorized representatives despite the Plaintiff's and his representatives' substantial efforts to facilitate fair and reasonable negotiations;

l.    by unreasonably, deliberately and extremely delaying the release of any funds and the evaluation of Plaintiff's first-party claim;

m.    by compelling Plaintiff to demand Appraisal; and

n.    by compelling Appraisal of the Plaintiff's building loss which resulted in delay and considerable expense as the Appraisal Award established that the building claim was low-balled and undervalued by 2,027.01%

17.     Plaintiff has suffered damages as described in the preceding paragraphs of this Complaint due to the Defendant's wrongful, bad faith failure to pay to Plaintiff the monies to which Plaintiff is clearly entitled under Plaintiff's insurance contract with Defendant Policy Number 0048579070.

18.     Defendant, American Modern, has acted in bad faith and with reckless disregard to the rights of the Plaintiff in failing to fully pay Plaintiff's claim pursuant to the terms and conditions of the insurance contract between the parties, Policy Number 0048579070.

19.     Plaintiff is entitled to the special damages provided for by 42 Pa. C.S.A. § 8371 and for punitive damages.

WHEREFORE, Plaintiff, Sylvester Barnes, demands judgment against Defendant, American Modern, in an amount in excess of $75,000.00, together with costs, interest and attorney's fees, punitive damages and special damages provided for by 42 Pa. C.S.A. § 8371, along with such other and further relief this Honorable Court deems necessary and/or appropriate.

### COUNT II
### BREACH OF CONTRACT
### PLAINTIFFS V. AMERICAN STRATEGIC INSURANCE CORP.

20.     Plaintiff incorporates the averments of paragraphs 1 through 19 as though same were fully set forth at length herein.

21.     The aforesaid insurance policy with Defendant provided coverage for Plaintiff's building loss at replacement cost.

22.     Defendant, American Modern, refused to fully compensate Plaintiff for his losses.

23.     All conditions precedent to Plaintiff's recovery under the policy and to Defendant's liability thereunder have been performed or have occurred, but Defendant, American Modern, has refused to make full payment to Plaintiff for the aforesaid covered losses as required by the terms and conditions of the policy of insurance.

24.     Defendant, American Modern, without legal justification or cause, in violation of its contractual duties, has refused and continues to refuse to fully pay and compensate Plaintiff for his aforesaid losses.

25.     Solely as a result of Defendant's failure to make full payment for the damages sustained by the Plaintiff, coverage of which is provided in its insurance policy with Plaintiff, Plaintiff has suffered and will continue to suffer direct and consequential damages, namely that Plaintiff cannot rebuild, repair, replace and/or restore Plaintiff's premises damaged as a direct and proximate result of the vehicle/exposure property damage loss.

26.     Solely as a result of Defendant's failure to make payment for the damages sustained by the Plaintiff, coverage of which is provided in its insurance policy with Plaintiff, Plaintiff has sustained financial hardship and inconvenience, and attorney's fees, all of which are continuing and will continue until the foreseeable future.

27.     Defendant, American Modern, breached its contract with Plaintiff, Sylvester Barnes, by refusing to provide full coverage for the losses described aforesaid, which losses are covered under Plaintiff's insurance policy with Defendant, American Modern.

WHEREFORE, Plaintiff, Sylvester Barnes, demands judgment against Defendant, American Modern, in an amount in excess of $75,000.00, together with costs, interest and attorney's fees, along with such other and further relief this Honorable Court deems necessary and /or appropriate.

Respectfully submitted,

BY: /s/ Frank J. Chwastek
Frank J. Chwastek, Esquire

**DURKIN LAW OFFICES, P.C.**

BY: /s/ Martin A. Durkin
       Martin A. Durkin, Esquire

Case ID: 200800947

<u>**VERIFICATION**</u>

Martin A. Durkin, Esquire, hereby states that he is co-counsel in this action for the Plaintiff, Sylvester Barnes, and verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief, and that this Verification is made with the knowledge, permission and consent of Plaintiff.   Counsel takes this Verification for the purpose of assuring the timely filing of this pleading.   The undersigned understands that the statements made herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.


**DURKIN LAW OFFICES, P.C.**

/s/ Martin A. Durkin
Martin A. Durkin, Esquire


Dated:   January 18, 2021

**CERTIFICATE OF SERVICE**

Martin A. Durkin, Esquire, hereby certifies that a true and correct copy of the foregoing

Plaintiff's Complaint has been forwarded to the following party of record, listed below, via

electronic filing on the 18th day of January, 2021, addressed as follows:

Hema P. Mehta, Esquire
**CHARTWELL LAW OFFICES**
One Logan Square
130 N. 18th Street, 26th floor
Philadelphia, PA 19103

**DURKIN LAW OFFICES, P.C.**

/s/ Martin A. Durkin
Martin A. Durkin, Esquire